# STATEMENT OF CLAIMS

Pursuant to violation of the US. 42 1983 statement

## PROCEDURAL DUE PROCESS VIOLATION / SUBJECT-MATTER JURISDICTION

1. Ownership and Protected Interest
   Plaintiff, Michelle Deon Lee, owns the real properties located at:
   - 16480 Fairway Drive, Commerce City, Adams County, Colorado
   - 5031 N. Quemoy Ct., Aurora, Adams County, Colorado
   - 15430 Fairway Dr., Commerce City, Adams County, Colorado
   - 4328 Andes Way, Denver, Colorado
   - 25572 E. 5th, Aurora, Arapahoe County, Colorado
2. These properties either serve or has served as Plaintiff's primary residence or are held under senior lienholder status; they are protected under Colorado homestead laws and lien priority statutes.
3. State Action Under Color of Law
   Defendants include public trustees, judges, banks/servicers, and attorneys acting under state foreclosure statutes (e.g., Colorado's Rule 120) and public trustee statutes. They exercised state-granted authority to foreclose, issue judgments against Plaintiff's properties, and enforce sales.
4. Real Party in Interest / Chain of Assignment Defects
   The foreclosure/mortgage enforcement motions/orders failed to present valid or verifiable chain of assignment, note ownership, or record evidence showing who lawfully holds the debt on each property. Plaintiff timely requested these, but none have been provided or demonstrated in court.
5. Insufficient or Improper Notice
   Plaintiff was provided notice that was materially defective: notice did not properly identify the moving party, did not accurately state amount due, did not include chain of assignment, was not mailed or served within the minimum period required under Rule 120 or state statute. Notice for some properties arrived fewer than 14 days before hearings/sales (where law requires 15 or more), or Plaintiff received none at all from multiple post phonements with no reason or explanation or notices .
6. Lack of Opportunity to be Heard
   Plaintiff was not afforded hearings where she could present evidence, challenge default, cross-examine witnesses, or assert defenses. Defendants proceeded with motions or orders without fact-finding on contested issues. Critical material

facts were ignored at Rule 120 hearings (or no such hearing occurred). All decisions were mand on redacted documents.

7. Issuance of Judgments / Authorizing Sale Without Proper Findings
Despite missing proofs, Defendants issued judgments/foreclosure orders on all of Plaintiff's properties. Those judgments assert default, amount due, and authorize sales—without adjudicating ownership questions, chain of assignment defects, or even confirming Plaintiff's default status.

8. Irreparable & Concrete Harm
   Judgments of foreclosure filed against every one of Plaintiff's properties, clouding title and threatening imminent sale or eviction.
   Loss of equity and title interests in each property. Senior lienholder status threatened or lost.
   Legal costs, fees, and interest accrued under the judgments.
   Emotional distress, loss of housing security, destabilization of family/home life.

9. Deliberate Indifference
Defendants were aware of the legal requirements under Rule 120, Colorado's homestead and lien statutes, and constitutional due process—they have been subject to Colorado Supreme Court rulings requiring strict compliance (see *Goodwin*, *Amos*, *Dews*). Yet, despite knowledge, Defendants ignored these obligations, filing motions without verifying chain of assignment, ignoring Plaintiff's requests for documents, and allowing judgments to proceed without due process. This reflects knowing or reckless disregard—a pattern of conduct rising to *deliberate indifference*.

10. Resulting Harm / Subject-Matter Jurisdiction
The foregoing acts deprived Plaintiff of her property rights without due process. The court lacks jurisdiction over unauthorized judgments, especially those issued without real party in interest status or proper notice. Plaintiff's injuries are concrete, particularized, actual, not hypothetical 12 new judgments made By an Artical I judge before property was abandoned by trustee. Solvency issue were not addressed or due process and liens. the requested relief (injunction, voiding judgments/orders, clear title, damages) is capable of redressing these injuries.

*[signature]*

## C. STATEMENT OF FACTS

1. Plaintiff Michelle Deon Lee acquired full ownership of the property located at properties located at:
    16480 Fairway Drive, Commerce City, Adams County, Colorado
    5031 N. Quemoy Ct., Aurora, Adams County, Colorado
    15430 Fairway Dr., Commerce City, Adams County, Colorado
    4328 Andes Way, Denver, Colorado
    25572 E. 5th, Aurora, Arapahoe County, Colorado
   giving her complete landowner title. Plaintiff asserts status as the senior lienholder, meaning any lien and encumbrance asserted by other parties is subordinate to her title and lien rights. Therefore, validation of any promissory note or proof of a note holder is unnecessary to her claim of ownership and priority; what is required is recognition of my senior lien position and protection of my title under Colorado's property, lien.

2. No fully verified admissible Assignment(s) of Mortgage / Chain of Title
   At various times, the mortgage and promissory note were purportedly assigned or otherwise transferred. . Subsequent assignments are claimed but Plaintiff has not received valid, complete, or legally sufficient documentation showing who presently holds the note or who is the real party in interest for enforcement and foreclosure purposes.

3. Default Notification and Alleged Breach
    Defendants alleged Plaintiff was is in default for failing to make payments due under the loan. . At no point prior to the foreclosure motion did Defendants provide Plaintiff with admissible and properly detailed notice including chain of assignment, name of current note holder, exact amount in arrears, or a summary of Plaintiff's right to cure or contest in a hearing .

4. Rule 120 / Public Trustee Foreclosure Proceedings, the moving party filed a Rule 120 motion in the Public Trustee's Notice of this motion was mailed (or allegedly mailed) no certificate of services presented.Improper use of SCRA, I heve entered in to the case and a hearing is required, lacked critical information to cure summary according to the statutory requirements. Plaintiff did not receive notice until which was fewer than 15 days before the hearing date of no opportunity for hearing .

5. Denial of Opportunity to be Heard / Lack of Evidentiary Hearing
    Plaintiff was not permitted to present or cross-examine witnesses, present documents or defenses such as lack of default, payments, or error in accounting. The moving party did not produce or authenticate documents proving ownership of the note or chain of assignments. The judge/public trustee issued an order authorizing foreclosure despite those issues.

6. Issuance of Judgments Against All Properties
   Similar foreclosure motions, Rule 120 proceedings, and equivalent enforcement actions have been filed against all of Plaintiff's properties, including:
       5031 N. Quemoy Ct., Aurora, Adams County &lt;br&gt;
       15430 Fairway Dr., Commerce City, Adams County &lt;br&gt;
       4328 Andes Way, Denver, Denver County &lt;br&gt;
       25572 E. 5th, Aurora, Arapahoe County
       16480 Fairway dr. Commerce City 80022
7. In each case, judgment(s) or orders of foreclosure have been entered without verification of note holder status, chain of assignment, or ensuring proper notice and hearing. Plaintiff has incurred multiple judgments in public records imposing forfeiture or obligation across all properties.
8. Attempts to Remedy and Request Documents
   On  Plaintiff sent written requests to Defendants for full documentation: note, assignments, account statements, notice of default, notice of servicing transfers, Rule 120 motion files. These requests were ignored, deflected, and un-answered incompletely, often stating that documents did not exist, while Plaintiff was unable to verify or discover online or via public record the missing chain of assignment, note holder, or servicing records.
9. Concrete and Particularized Harm
   As a result of the foregoing:
   a. Judgments have been entered against each of Plaintiff's properties, clouding title, risking foreclosure sale and eviction—even though substantial property interest and ability to cure or challenge exist.
   b. Plaintiff has lost equity in each property, suffered senior lien priority displacement , accumulated legal costs, fees, and interest attributed by Defendants under wrongful judgments.
   c. Plaintiff has suffered emotional distress, anxiety, uncertainty about her housing status, inability to use or sell the properties, or refinance due to clouded title and judgments.
10. Deliberate Indifference to Rights
    Defendants had actual and constructive knowledge of the legal requirements under Colorado Rule 120, the constitutional requirement for due process and notice, and the necessity to identify the real party in interest and allow a hearing where factual issues are disputed. Despite this knowledge, Defendants proceeded with foreclosure actions and entered judgments without compliance with these requirements—thus engaging in conduct that amounts to deliberate indifference to Plaintiff's protected rights.
11. Imminent Threats and Irreparable Harm that caused  Concrete and Particularized Harm

    a. Plaintiff's properties now have five judgments recorded in county and public trustee records, each encumbering her title and making resale, refinancing, or transfer nearly impossible.

    b. Because of those judgments, Plaintiff faces demands to pay sums she has not verified or had opportunity to contest, including interest, fees, and legal costs imposed by Defendants.

    c. Emotional distress has been ongoing: Plaintiff has suffered sleeplessness, anxiety about losing her homes, fear of eviction or sale, financial hardship from accruing costs.

    d. Plaintiff has lost value in her properties: equity has been eroded by illegal judgments, and opportunities (such as refinancing or selling) are foreclosed because title is clouded or subject to potential public trustee sale.

12. Plaintiff continues to face imminent foreclosure sales, loss of properties, eviction, and irreversible damage including loss of homestead protection, inability to recover full equity even if later successful. Monetary damages alone cannot fully remedy the harm from judgments and foreclosure if properties are sold.

*[signature]*