IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00408-RTG

MICHELLE D. LEE,

    Plaintiff,

v.

ADAMS COUNTY,
DENVER COUNTY,
ARAPAHOE COUNTY,
JUDGE PRISCILLA J. LOEW,
KIMBERLY H. TYSON,
ALISON L. BERRY,
APRIL WINECKI,
ABBEY DREHER,
HEALTH L. DEERE,
AMANDA K. ASHLEY,
BRADLEY ARANT BOULT CUMMINGS,
ROBERT GREGORY BUSCH,
TOM. H. CONNOLLY,
MICHAEL WESTBERG,
PAUL D. LOPEZ,
GARVIN GREGORY,
ALEXANDER L. VILLIGARAN,
THE GALLERY AT REUNION HOS,
SECOND CREEK HOA / SECOND CREEK FARM METROPOLITAN DISTRICT NO. 2,
MASTER HOMEOWNER ASSOCIATION (HOA),
KALAMATA CAPITAL REPRESENTATIVES,
DIVISION OF FAMILY AND MEDICAL LEAVE INSURANCE, DENVER COUNTY, and
SOUTH ADAMS WATER AND SANITATION,

    Defendants.

## ORDER TO FILE AMENDED COMPLAINT

    Plaintiff Michelle D. Lee lives in Commerce City, Colorado. She has filed *pro se* a

Complaint (ECF No. 1), and the Court has granted her leave to proceed *in forma*

1

*pauperis* under 28 U.S.C. § 1915. (ECF No. 6). Plaintiff's Complaint is therefore screened pursuant to § 1915(e)(2)(B) and D.C.COLO.LCivR 8.1(a).

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the following reasons, Plaintiff must file an amended Complaint to pursue any claims in this action.

**I.   COMPLAINT**

Plaintiff brings this lawsuit against twenty-four defendants, including multiple counties, public trustees, judges, lawyers, HOAs, and financial entities. (*See* ECF No. 1 at 1-8). She invokes this Court's federal question jurisdiction based on the Fifth and Fourteenth Amendments, 42 U.S.C. § 1983, Fair Debt Collection Practices Act (FDCPA), Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), the Quiet Title Act, and 18 U.S.C. § 287 (False Claims), § 371 (Conspiracy to Defraud), § 1001 (False Statements or Entries). (*Id.* at 6-7). She asserts federal constitutional and statutory violations in connection with state foreclosure and eviction actions on five Colorado prop and references the following state court cases: Arapahoe County Case No. 2026CV30053, Adams County Case Nos. 2024CV31770 and 2025CV159, Denver County Case No. 2024CF31593, Douglas County Case No. 2026CV30011, and Boulder County Case No. 2025CV30880. (*Id.* at 2, 11-19). Plaintiff asserts the following claims: (1) procedural due process violations; (2) equal protection violations; (3) fraudulent concealment / Quiet Title Act / 42 U.S.C. § 1983; (4)

deprivation of civil rights under 18 U.S.C. §§ 241, 242, and obstruction under 18 U.S.C. § 1505; (5) constitutional emergency / emergency injunctive relief to prevent foreclosure, eviction, or sale; and (6) unauthorized practice of law. (*Id.* at 11-19). Plaintiff seeks declaratory relief (voiding adverse orders and restoration of possession and title); injunctive relief (halting all foreclosure and eviction); and damages. (*Id.* 19-20)

The Court will now discuss the issues with Plaintiff's pleading.

## II.   PLEADING ISSUES

### A.  Federal Pleading Standards

Complaints must contain a short and plain statement of the facts explaining why a claim succeeds. Fed. R. Civ. P. 8(a)(2). A complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." *Id.* The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Vague or unintelligible pleadings violate Rule 8.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to establish whether the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

In addition, claims alleging fraud are subject to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Rule 9 requires "a complaint alleging fraud to set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotations and citation omitted). "Rule 9(b)'s purpose is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based[.]" *Id.*

Plaintiff's Complaint is long, repetitive, and lacks a clear, concise narrative, making it difficult to discern the specific factual basis for each claim. The Complaint also conflates claims and defendants because Plaintiff names numerous defendants but does not clearly set out which factual allegations are asserted against which defendants for each specific claim. Further, many allegations are conclusory and lack supporting facts (e.g., alleged defects in assignment, lack of hearings, conspiracy) without detail as to specific acts, timing, or participants.

In any amended pleading, Plaintiff must allege well-pled facts in a clear, concise, and organized manner to explain what each defendant did to Plaintiff, when the defendant did it, how the defendant's action harmed her, what specific legal right she believes the defendant violated, and what specific relief she requests as to each defendant. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007) (citations omitted).

### B. Ongoing State Proceedings

Plaintiff appears to request removal from state to federal court of her ongoing state foreclosure actions, Arapahoe County Case No. 2026CV30053, Adams County Case Nos. 2024CV31770 and 2025CV159, Denver County Case No. 2024CF31593, Douglas County Case No. 2026CV30011, and Boulder County Case No. 2025CV30880. She also seeks an injunction "halting all foreclosure, eviction, sale, or possession transfer proceedings affecting Plaintiff's property pending resolution of this action."

The Court cannot grant Plaintiff's request for relief, i.e., an injunction to enjoin the foreclosure/eviction actions pending in state court. The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Absent application of one of the three exceptions to the Act, a federal court lacks power to enjoin a state-court proceeding like the foreclosure action at issue here.

Caselaw confirms that an injunction to stop a state-court foreclosure action specifically is barred by the Anti-Injunction Act. *Horton v. Clark*, 948 F.2d 1294 at *1 (10th Cir. 1991) (stating that the Act "applies to state foreclosure proceedings"); *see also Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (concluding that the Anti-Injunction Act bars federal court from enjoining state-court foreclosure action); *Van Romburgh v. Nationstar Mortg. LLC*, No. 19-cv-01962-DDD-NRN, 2019 WL

4643654, at *2 (D. Colo. July 26, 2019) ("The [Anti-Injunction] Act prohibits this Court from enjoining the pending state court foreclosure proceedings."). Plaintiff has not identified any exceptions to the Act, which might permit the Court to grant her an injunction, and so the Act bars the injunctive relief she requests.

Even if the Anti-Injunction Act did not apply, the *Younger* abstention doctrine does. Under that doctrine, federal courts are prohibited from interfering with ongoing state proceedings absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889. *Younger* abstention is non-discretionary and must be invoked if the three conditions are met, absent extraordinary circumstances. *Amanatullah v. Colo. Bd. of Med. Exam' rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).

The first condition for *Younger* abstention is met because the state foreclosure proceedings are ongoing, and the sale of Plaintiff's properties has yet to occur. The second condition is met, too, because the Supreme Court has held it to be "beyond question" that ensuring the security of titles to real estate is "an essential state interest." *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the " title of every piece of realty purchased at foreclosure . . . under a federally created cloud" ); *see also Horton*, 1991 WL 240115, at *1 (stating that a foreclosure proceeding " is precisely the type of case where federal

courts out of concerns of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings" ). Finally, under the third condition, Plaintiff makes no showing of extraordinary circumstances, or that she will not have an opportunity to raise her claims during the state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019) (stating that the Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal"). Instead, as the Tenth Circuit recognized in *Horton*, Plaintiff "may still resort to the state review process to vindicate [her] claims." *Horton*, 1991 WL 240115, at *1. Thus, *Younger* serves as an additional bar to the relief Plaintiff seeks.

### C. Under Color of State Law

Section 1983 provides a remedy when an individual's constitutional rights are violated under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172

(1961)). To satisfy the under-color-of-state-law element, a plaintiff must show that he was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

To the extent some of the named defendants are private individuals, Plaintiff fails to demonstrate that these defendants' conduct is attributable to the State. *See e.g., Lewis v. JP Morgan Chase Bank, Nat'l Assoc.*, No. 13-cv-01375-PAB-KLM, 2014 WL 1217948, at *3-*4 (D. Colo. March 24, 2014) (concluding, after application of multiple tests, bank and law firm that engaged in foreclosure proceedings were not state actors under § 1983).

### D. Federal Criminal Statutes

Finally, Plaintiff invokes 18 U.S.C. §§ 241, 242, 287, 371, 1001, and 1505, and asserts claims for conspiracy, willful deprivation of rights, false statements, and obstruction of proceedings, but these criminal statutes do not provide for a private right of action in a civil case. As such, Plaintiff cannot assert claims under these federal criminal statutes. *See, e.g.,* Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (dismissal of claims alleging violations of criminal statutes proper if criminal statutes do not provide for a private right of action). Furthermore, private citizens cannot compel the enforcement of criminal statutes, *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986), because they "'lack [ ] a judicially cognizable interest in the prosecution or nonprosecution of another.'" *Id.* (quoting *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)).

### III. CONCLUSION

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an amended Complaint that complies with all directives contained in this order. It is

FURTHER ORDERED that Plaintiff shall obtain and use the court-approved Complaint Form (General Complaint), along with the applicable instructions, at www.cod.uscourts.gov. Plaintiff must refile a complete complaint with all sections fully completed and all claims and allegations included within the amended pleading. It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within the time allowed, the action may be dismissed without further notice.

Finally, Plaintiff may contact the Federal Pro Se Clinic at (303) 380-8786 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

DATED March 3, 2026.

BY THE COURT:

_Richard T. Gurley_
Richard T. Gurley
United States Magistrate Judge