FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2b APR -1 PM 1:10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____ 26 - CV-408 RG7

(To be supplied by the court)

Michelle D. Lee Expressed Beneficiary and Administrator
_Michelle D. Lee 16480 Fairway dr. Commer city Co. 80022

v.

Implied Beneficiary and Administrator/ Defendants

**Amended complaint 4/01/2026**

1. Defendant: Adams County — Government / county defendant
2. Defendant: Denver County — Government / county defendant
3. Defendant: Arapahoe County — Government / county defendant
4. Defendant: Judge Priscilla J. Loew — Individual & official capacity
5. Defendant: Kimberly H. Tyson — Individual & official capacity
   Address: 721 19th St., Denver, CO 80202
6. Defendant: Alison L. Berry — Individual & official capacity
   Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
7. Defendant: April Winecki — Individual & official capacity
   Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
8. Defendant: Abbey Dreher — Individual & official capacity
   Bonial & Associates, PC; 14841 Dallas Parkway, Suite 300, Dallas, TX 75254
   — Associated with foreclosure matters (Nationstar/Mr. Cooper)
9. Defendant: Heather L. Deere — Individual & official capacity
   Halliday, Watkins & Mann, P.C.; 355 Union Blvd., Suite 250, Lakewood, CO 80228
   — Associated with Public Trustee Michael Westberg; Wilmington Savings Fund Society, FSB
10. Defendant: Amanda K. Ashley — Individual & official capacity
    Altitude Law; 555 Zang St., Ste. 100, Lakewood, CO 80228;
    — Representing The Gallery at Reunion HOA; Second Creek HOA / Second Creek Farm Metro Dist. No. 2
11. Defendant: Bradley Arant Boult Cummings (firm) — Entity defendant; also individual capacity for Gabriella Alonso
    1445 Ross Avenue, Suite 3600, Dallas, TX 75202
    — Associated with Ally Bank
12. Defendant: Robert Gregory Busch — Individual & official capacity
    RG Busch, PLLC (Purchaser's Counsel)
13. Defendant: Tom H. Connolly — Individual & official capacity
    U.S. Trustee / Trustee (Tom Connolly, LLC); PO Box 68, Lafayette, CO 80026-0068;
    Phone: 303-661-9292
14. Defendant: Michael Westberg — Individual & official capacity
    Public Trustee, Arapahoe County
    — Associated locked-out property: 25572 E. 5th Pl, Aurora, CO 80018

15. Defendant: Paul D. López — Individual capacity
Public Trustee, Denver County
— Associated locked-out property: 4328 Andes Way, Denver, CO 80249
16. Defendant: Garvin Gregory — Individual & official capacity
Office of the U.S. Trustee; 1961 Stout St., Ste 12-200, Denver, CO 80294-1961
17. Defendant: Alexander L. Villigaran — Individual capacity
Public Trustee; citizen of Colorado
18. Defendant: The Gallery at Reunion HOA — Entity defendant
Individuals: Lori Huffman (personal capacity); Bree Hennessy (personal capacity)
Contact: Amanda K. Ashley
19. Defendant: Second Creek HOA / Second Creek Farm Metropolitan District No. 2 —
Entity Implied Beneficiary and Administrator
Contact: Amanda K. Ashley
20. Defendant: Master Homeowner Association (HOA) — Entity defendant
Address: 18650 E. 45th Avenue, Denver, CO 80249
21. Defendant: Kalamata Capital representatives / Purchaser's Counsel (including Ariel
Bouskila) — Defendant role: Purchaser's Counsel; Individual
Contact: Robert Gregory Busch — RG Busch, PLLC — P.O. Box 3931, Greenwood
Village, CO 80155
Incorporated Defendant: Ariel Bouskila — Individual & official capacity; Berkovitch &
Bouskila; 1545 Route 202, Suite 101, Pomona, NY 10970
22. Defendant: Division of Family and Medical Leave Insurance, Denver County — Entity
defendant

Defendant: Ally Bank / Gabriella Alonso — Entity / individual representing Ally Bank
Bradley Arant Boult Cummings1445 Ross Avenue Suite 3600
Dallas, TX 75202
23. South Adams Water and sanitation  - Adams County
State Cases: evidence of Dockets and Register of action for each case

# Arapahoe County:2026CV30053; HWM File: CO23159
# Adams County : Case No.: 2024CV31770 **No. 2025CV159**

DENVER COUNTY: Case No.:24:CV31593
Douglas County: Case number 26-CV30011
Boulder County:Case No.: 2025CV30880

*(List each named defendant on a separate line. If you cannot fit the names of all Implied
Beneficiary and Administrator in the space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list of names. The names of the
Implied Beneficiary and Administrator listed in the above caption must be identical to those
contained in Section B.  Do not include addresses here.)*

---

**COMPLAINT**

## A.  EXPRESSED BENEFICIARY AND ADMINISTRATOR INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

*Michelle D. Lee 16480 Fairway dr. Commer city Co. 80022*

(Name and complete mailing address)

3465549725 lee dream

(Telephone number and e-mail address)

## B.  DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding Implied Beneficiary and Administrator should be labeled "B. DEFENDANT(S) INFORMATION."*

1. Defendant: Adams County — Government / county defendant
2. Defendant: Denver County — Government / county defendant
3. Defendant: Arapahoe County — Government / county defendant
4. Defendant: Judge Priscilla J. Loew — Individual & official capacity
5. Defendant: Kimberly H. Tyson — Individual & official capacity
   Address: 721 19th St., Denver, CO 80202
6. Defendant: Alison L. Berry — Individual & official capacity
   Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
7. Defendant: April Winecki — Individual & official capacity
   Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
8. Defendant: Abbey Dreher — Individual & official capacity
   Bonial & Associates, PC; 14841 Dallas Parkway, Suite 300, Dallas, TX 75254
   — Associated with foreclosure matters (Nationstar/Mr. Cooper)
9. Defendant: Heather L. Deere — Individual & official capacity
   Halliday, Watkins & Mann, P.C.; 355 Union Blvd., Suite 250, Lakewood, CO 80228
   — Associated with Public Trustee Michael Westberg; Wilmington Savings Fund Society, FSB
10. Defendant: Amanda K. Ashley — Individual & official capacity
    Altitude Law; 555 Zang St., Ste. 100, Lakewood, CO 80228
    — Representing The Gallery at Reunion HOA; Second Creek HOA / Second Creek Farm Metro Dist. No. 2
11. Defendant: Bradley Arant Boult Cummings (firm) — Entity defendant; also individual capacity for Gabriella Alonso
    1445 Ross Avenue, Suite 3600, Dallas, TX 75202
    — Associated with Ally Bank
12. Defendant: Robert Gregory Busch — Individual & official capacity
    RG Busch, PLLC (Purchaser's Counsel)

2

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A.    EXPRESSED BENEFICIARY AND ADMINISTRATOR INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

*Michelle D. Lee 16480 Fairway dr. Commer city Co. 80022*

(Name and complete mailing address)

3465549725 lee dream

(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding Implied Beneficiary and Administrator should be labeled "B. DEFENDANT(S) INFORMATION."*

1. Defendant: Adams County — Government / county defendant
2. Defendant: Denver County — Government / county defendant
3. Defendant: Arapahoe County — Government / county defendant
4. Defendant: Judge Priscilla J. Loew — Individual & official capacity
5. Defendant: Kimberly H. Tyson — Individual & official capacity
   Address: 721 19th St., Denver, CO 80202
6. Defendant: Alison L. Berry — Individual & official capacity
   Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
7. Defendant: April Winecki — Individual & official capacity
   Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
8. Defendant: Abbey Dreher — Individual & official capacity
   Bonial & Associates, PC; 14841 Dallas Parkway, Suite 300, Dallas, TX 75254
   — Associated with foreclosure matters (Nationstar/Mr. Cooper)
9. Defendant: Heather L. Deere — Individual & official capacity
   Halliday, Watkins & Mann, P.C.; 355 Union Blvd., Suite 250, Lakewood, CO 80228
   — Associated with Public Trustee Michael Westberg; Wilmington Savings Fund Society, FSB
10. Defendant: Amanda K. Ashley — Individual & official capacity
    Altitude Law; 555 Zang St., Ste. 100, Lakewood, CO 80228
    — Representing The Gallery at Reunion HOA; Second Creek HOA / Second Creek Farm Metro Dist. No. 2
11. Defendant: Bradley Arant Boult Cummings (firm) — Entity defendant; also individual capacity for Gabriella Alonso
    1445 Ross Avenue, Suite 3600, Dallas, TX 75202
    — Associated with Ally Bank
12. Defendant: Robert Gregory Busch — Individual & official capacity
    RG Busch, PLLC (Purchaser's Counsel)

2

13. Defendant: Tom H. Connolly — Individual & official capacity
U.S. Trustee / Trustee (Tom Connolly, LLC); PO Box 68, Lafayette, CO 80026-0068; Phone: 303-661-9292

14. Defendant: Michael Westberg — Individual & official capacity
Public Trustee, Arapahoe County
— Associated locked-out property: 25572 E. 5th Pl, Aurora, CO 80018

15. Defendant: Paul D. López — Individual capacity
Public Trustee, Denver County
— Associated locked-out property: 4328 Andes Way, Denver, CO 80249

16. Defendant: Garvin Gregory — Individual & official capacity
Office of the U.S. Trustee; 1961 Stout St., Ste 12-200, Denver, CO 80294-1961

17. Defendant: Alexander L. Villigaran — Individual capacity
Public Trustee; citizen of Colorado

18. Defendant: The Gallery at Reunion HOA — Entity defendant
Individuals: Lori Huffman (personal capacity); Bree Hennessy (personal capacity)
Contact: Amanda K. Ashley

19. Defendant: Second Creek HOA / Second Creek Farm Metropolitan District No. 2 — Entity Implied Beneficiary and Administrator
Contact: Amanda K. Ashley

20. Defendant: Master Homeowner Association (HOA) — Entity defendant
Address: 18650 E. 45th Avenue, Denver, CO 80249

21. Defendant: Kalamata Capital representatives / Purchaser's Counsel (including Ariel Bouskila) — Defendant role: Purchaser's Counsel; Individual
Contact: Robert Gregory Busch — RG Busch, PLLC — P.O. Box 3931, Greenwood Village, CO 80155
Incorporated Defendant: Ariel Bouskila — Individual & official capacity; Berkovitch & Bouskila; 1545 Route 202, Suite 101, Pomona, NY 10970

22. Defendant: Division of Family and Medical Leave Insurance, Denver County — Entity defendant

23. Defendant: Ally Bank / Gabriella Alonso — Entity / individual representing Ally Bank
Bradley Arant Boult Cummings1445 Ross Avenue Suite 3600
Dallas, TX 75202

24. South Adams Water and sanitation  - Adams County

3

**C.  JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

☐    question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

# Jurisdiction and Venue

claims are brought in equity and at law and requests that the Court exercise its full jurisdictional and equitable powers to adjudicate these claims and to provide complete relief in this action.

1.  This Court also has jurisdiction to grant declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), because an actual controversy exists between Expressed Beneficiary and Administrator and Implied Beneficiary and Administrator regarding Implied Beneficiary and Administrator' statutory duties, oath and bond requirements, and the proper accounting and disposition of public funds. Expressed Beneficiary and Administrator has filed an appropriate pleading seeking a declaration of rights and duties. See 28 U.S.C. § 2201(a).

    List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

1.  Specific federal statutes, treaties, and/or constitutional provision(s) at issue:
    o   U.S. Constitution, Fifth Amendment – Due Process Clause
    o   U.S. Constitution, Fourteenth Amendment – Due Process Clause and Equal Protection Clause
    o   42 U.S.C. § 1983 – Civil action for deprivation of rights under color of state law

    1.  Declaratory Judgment Act — 28 U.S.C. § 2201

    •   What it is: Authorizes federal courts to declare the rights and legal relations of interested parties where an actual controversy exists.
    •   How it applies in equity: Expressed Beneficiary and Administrator seeks a judicial declaration defining Implied Beneficiary and Administrator' duties regarding oaths, bonds, accounting, and disposition of public funds so equitable remedies (accounting, restitution) can be ordered.

    2.  Federal-question jurisdiction statute — 28 U.S.C. § 1331

    •   What it is: Grants district courts jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.
    •   How it applies: Supports the Court's subject-matter jurisdiction for any federal-law claims pleaded (e.g., limited 42 U.S.C. § 1983 claims against state actors) and enables equitable federal remedies to be granted alongside declaratory relief.

3. Supplemental jurisdiction statute — 28 U.S.C. § 1367

- What it is: Allows federal courts to hear state-law claims that are part of the same case or controversy as federal claims.
- How it applies in equity: Permits the Court to adjudicate state-law equitable claims (CORA, fiduciary duty, conversion, accounting, CCIOA/HOA claims) together with federal claims to provide complete relief.

4. Civil Rights statute (where state action is properly alleged) — 42 U.S.C. § 1983

☐    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Expressed Beneficiary and Administrator is a citizen of the State of_Colorado___.

1.
2. Beneficiary and Administer  relies on this Court's federal-question jurisdiction, declaratory judgment jurisdiction under 28 U.S.C. § 2201, and supplemental jurisdiction under 28 U.S.C. § 1367 over related equitable and state-law claims.

3. , Michelle Deon Lee, is a citizen and domiciliary of the State of Colorado.
4. Defendant(s):All are required to have registered agent in Colorado or resided in Colorado.
5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.
6. Because (a) complete diversity of citizenship exists between Expressed Beneficiary and Administrator and Implied Beneficiary and Administrator, and (b) the amount in controversy exceeds the minimum threshold under 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action under § 1332.

If Defendant 1 is an individual, Defendant 1 is a citizen of_Colorado citizens_____.

If Defendant 1 is a corporation,
corporation / corporate entities from your Implied Beneficiary and Administrator list:

- Bonial & Associates, P.C. — Texas Professional Corporation (
- Bradley Arant Boult Cummings LLP — Law firm, a limited liability partnership, headquartered in Alabama
- Ally Bank / Ally Financial Inc. — Financial services corporation incorporated in Delaware, headquartered in Michigan
- Mr. Cooper Group, formerly Nationstar Mortgage Holdings, Inc. — U.S. mortgage & financial services company

Defendant 1 is incorporated under the laws of_____(name of state or foreign nation).

Defendant 1 has its principal place of business in  Colorado _____(name of state or foreign nation).

# Demand for Article III Judge

Expressed Beneficiary and Administrator, Michelle Deon Lee, states as follows:

1. Beneficiary and administrator  is entitled to have all major, dispositive, and adjudicatory matters in this case heard and decided by an Article III Judge—that is, a United States District Judge—under the Constitution and controlling federal law.
2. Beneficiary and administrator   does not consent, either expressed or implied, to the assignment of this case (or any part thereof) to a Magistrate Judge for final adjudication of dispositive issues, including summary judgment, foreclosure orders, judgments of foreclosure, eviction proceedings, or any equivalent matter.
3. Beneficiary and administrator   invokes the protections of Article III of the United States Constitution and Human Rights under Gods Law , which vests the judicial power in the Supreme Court and in inferior courts whose judges are appointed under Article III. Such judges hold offices during good behavior and receive compensation protected against diminution.
4. Under federal statutes and rules—particularly 28 U.S.C. § 636(a) and, and therefore all dispositive decisions must be made by an Article III, District Court Judge.
5. Any attempt to delegate, assign, or have rulings, judgments, or foreclosure or eviction orders issued by a Magistrate Judge without Beneficiary and administrator written consent should be considered void or subject to challenge under the relevant constitutional and Human Rights under Gods law  and procedural rules.

# Legal Authorities

- Article III, Section 1 of the U.S. Constitution — vests judicial power in "one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." Judges of Article III courts have life tenure and protected salary.
- *Roell v. Withrow*, 538 U.S. 580 (2003) — the Supreme Court held that consent to Magistrate Judge jurisdiction must be knowing and voluntary; absence of valid written consent means Magistrate Judge lacks authority to enter final disposition.

  o

6

**No Consent to Magistrate Judge**

2. No Consent to Magistrate Judge Jurisdiction

   Expressed Beneficiary and Administrator Michelle Deon Lee, pro se), expressly declines and does not consent to the assignment of this case to a United States Magistrate Judge for any purpose (including trial, evidentiary hearings, dispositive motions, or final judgment), pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(a) & (b).

3. Expressed Beneficiary and Administrator requests that all matters appropriate for a District Court Judge, including but not limited to dispositive motions, findings of fact and conclusions of law, trial, or any foreclosure/judgment authorizations, be handled only by a United States District Judge unless Expressed Beneficiary and Administrator provides reaffirmed written consent.

   o

   o ## Statement Regarding Cestui Que Trust Authority

   o I, Michelle Deon Lee, declare that I was once regarded under a "cestui que trust" and or similar legal theory, under which my name, legal identity, or birth certificate and related registry were treated as though I were a beneficiary whose rights were held in trust by another entity. I assert that I have now reached full capacity, matured, grown up, and am fully competent under law. Therefore, I hereby assume full authority and control over My trust, registry, and identity previously held in my name and on my behalf, whether called a "cestui que trust" or otherwise. Effective immediately, I reclaim all rights as the rightful beneficiary, owner, and controller of my legal name, identity, person, property, and estate. Any trust or entity purportedly acting for or over me without my express written consent or lawful authority must cease such roles. I require all Implied Beneficiary and Administrator, Court Officers, Public Trustees, Servicers, Note Holders, Agents, and any others involved in legal proceedings to recognize me solely as the Article III Judge–proper litigant, with all legal powers and responsibilities of ownership and senior lien status, not as a ward, beneficiary, or trust subject. I demand that no filings, judgments, or orders be entered in my name under "all capitals" or in a fictional or assumed legal persona for any purpose; all legal proceedings, including challenges to ownership, chain of assignment, foreclosure, and title, must recognize me as the living human landowner with senior lienholder rights. This Statement is made under penalty of perjury, and serves as formal notice and assertion of my rights over any purported trust identified with my name, birth certificate, social security number, or any form of registry in whatever jurisdiction.

     - Incorporated under the laws of: Colorado

     - Principal place of business: Colorado

7

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*


CLAIM ONE: _____

CLAIM ONE: PROCEDURAL DUE PROCESS VIOLATION/Subject matter jurisdiction

## Supporting Facts

1.  Beneficiary and administrator  Ownership and Protected Interest owns the real property located at
16480 Fairway Drive, Commerce City, Adams County, Colorado.
**2.5031 N. Quemoy Ct., Aurora, CO 80019  Adams County ,**
**3.15430 Fairway Dr., Commerce City, CO 80022 Adams County,**
**4.4328 Andes Way, Denver, CO,**
**5.25572 E. 5th Aurora Co. 80018 Arapahoe county**

Beneficiary and administrator  Michelle Deon Lee, asserts she has multiple protected property interests under Colorado law, including:

1.  Homeowner / Homestead Rights
    Expressed Beneficiary and Administrator owns several properties that serve (or served) as her primary residences. Under Colorado's homestead statutes (Colo. Rev. Stat. § 38-41-201 et seq.), these properties are entitled to homestead protection. Expressed Beneficiary and Administrator may not be deprived of her homes or their equity without proper legal process.
2.  Senior Lienholder Interest
    Expressed Beneficiary and Administrator holds senior liens and has rights as a senior lienholder all of these properties listed in this case. As such, her lien(s) take priority over junior liens subordinate claims, giving me enforceable interest in ownership equity, surplus from sales, or any distributions.
3.  Statutory Priority and Enforcement Rights
    Under Colorado law, senior lienholders are authorized to assert priority rights, receive notice, enforce liens, and share in surplus proceeds following foreclosure or sale, subject to procedural protections. These rights are recognized and enforceable under state law.
4.  Constitutionally Protected Property Interest
    Because status as homeowner/homestead and senior lienholder are property

8

interests recognized by property and lien laws in Colorado, they are protected by the Due Process and Equal Protection Clauses of the United States Constitution. Expressed Beneficiary and Administrator is entitled to:

- o Notice of all adverse proceedings related to these properties (e.g., nonjudicial foreclosure under Rule 120, sales).
- o A full hearing (evidentiary, with admissible evidence, witnesses, and opportunity to defend) before any deprivation of her legal rights or title.
- o Protection against arbitrary or discriminatory actions by public trustees, mortgage servicers, or other state/federal actors.

5. Impact of Multiple Property Interests
Because Expressed Beneficiary and Administrator's multiple property interests are being treated inconsistently (some proceedings initiated without notice or evidentiary hearing, others with), these procedural failures and omissions cumulatively threaten material harm: loss of home, loss of senior lien priority, loss of surplus, impairment of equity, and deprivation of legal rights without due process.

- o Expressed Beneficiary and Administrator asserts she has a protected property interest under state law, including rights as a homeowner and homestead under Colorado law.

2. State Action Under Color of Law
- o Implied Beneficiary and Administrator include public trustees, courts, judges, creditors, and law firms acting in their official capacities, each operating under state statutory authority (e.g., Rule 120, public trustee statutes).
- o Implied Beneficiary and Administrator' actions in the foreclosure proceedings derive from or rely upon state law mechanisms (public trustee sales, court orders).

3. Lack of Valid Chain of Assignment / Real Party in Interest
- o The foreclosure motion or complaint submitted to the Court did not include properly recorded or verifiable documents showing that the creditor or servicer was the owner or holder of the note or mortgage.
- o No valid assignment was exhibited for the Expressed Beneficiary and Administrator to inspect or contest.

4. Insufficient or Improper Notice
- o Expressed Beneficiary and Administrator never received written notice in the form required by Colorado Rule 120, including accurate information on the creditor, amount due, chain of assignment, or identities of all interested parties.
- o The required time period for notice (e.g., fourteen days before motion/hearing) under statute and Rule 120 was not satisfied.

5. Absence of Evidentiary Hearing / Opportunity to Be Heard
- o No full evidentiary hearing was held where Expressed Beneficiary and Administrator could present witnesses, documents, cross-examine adverse

9

evidence, or raise defenses (such as lack of default, mortgage modification, or estoppel).
- Only preliminary hearings or "reasonable probability" hearings were conducted, which did not permit the procedural safeguards required under Rule 120 or constitutional due process.

6. Issuance of Order Authorizing Sale Without Proper Fact-Finding
- The Court or Public Trustee issued orders authorizing foreclosure and scheduling of sale without adjudicating disputed factual issues such as ownership of the debt or validity of default.
- No findings of fact were made on critical issues raised by Expressed Beneficiary and Administrator.

7. Foreclosure and/or Eviction Threatened
- Despite the procedural deficiencies, foreclosure sales are scheduled on 3 properties. 2/10/26 ,20/25/2026 scheduled (specifically: January 14, 2026) or evictions instituted.
- Expressed Beneficiary and Administrator is under threat of permanent loss of home if sale proceeds without correction of procedural defects.

8. Irreparable Harm
- Loss of home and property interest that cannot be fully compensated by monetary damages after sale.
- Loss of equity, surplus value, legal costs, emotional distress.

9. Deliberate Indifference and Knowledge of Rights
- Implied Beneficiary and Administrator were aware, or should have been aware, of applicable Rule 120 requirements and constitutional due process rights recognizing notice and opportunity to be heard.
- Expressed Beneficiary and Administrator made attempts to raise defenses and request proper hearings documentation, but these were ignored or dismissed without explanation

Expressed Beneficiary and administrator F Michelle D. Lee  respectfully requests that the Court exercise its equitable jurisdiction to hear and decide the equitable claims herein, including but not limited to: (a) an order compelling a full forensic accounting of public funds and trust accounts; (b) an order requiring restoration and reimbursement of any unaccounted-for public funds; (c) an order compelling production of public records and bond/oath documentation; (d) appointment of a neutral accountant or special master to oversee the accounting and reconciliation; and (e) such other equitable relief as the Court deems just and proper. Beneficiary and Administrator  further requests that the Court treat and adjudicate these claims as equitable in nature and, where necessary, grant declaratory relief under 28 U.S.C. § 2201 and equitable relief under the Court's inherent powers.

Beneficiary and administrator realleges paragraphs   respectfully invokes the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a judicial declaration of the parties' rights, duties, and legal relations with respect to the matters alleged herein. An actual controversy exists because  as the expressed beneficiary and administrator of  trust/public funds, disputes whether Implied Beneficiary and Administrator (including the named public trustees and county officials) have complied with their statutory duties, have validly executed and maintained required oaths and bonds, and have lawfully accounted for and disbursed public funds and records. A declaratory judgment is necessary and appropriate to: (a) declare whether Implied Beneficiary and Administrator breached statutory duties, fiduciary obligations, and CORA; (b) determine the existence, sufficiency, and enforceability of any bonds or oaths; (c) adjudicate  entitlement to a full forensic accounting and restoration of any unaccounted-for public funds; and (d) resolve any other justiciable questions necessary to facilitate equitable relief in this action. I asks that the Court grant the requested declarations and any ancillary relief necessary to effectuate the declarations.

This Notice is given by me, Michelle D. Lee  as the recorded owner and beneficiary with beneficial sovereign interest in the above-referenced property and trust/estate. Per chain of title I am the owner beneficiary. You are an inter meddler  trust  De Son tort  please prove your authority to regulate it.

I give notice of the following facts and demands:

1. Capacity and Beneficial Ownership, Administrator
- I am the beneficial owner and beneficiary of the property per the chain of title and recorded public records, Gods Law , the constitution , including on Federal  record un-contested Public record  in the dismissed  Bankruptcy Case No. [24-16918_.(Oath of Coronation act  1688) silence in the face of theft  the Monarch has failed the oath I have complete notice of my capacity and interest.

  I am no longer the surety for the estate as it is in conflict with God's Law and the constitution.
  I, MICHELLE DEON LEE  hereby declare that I am no longer acting as surety for the State of COLORADO  in connection with  all properties listed in Adams county county under MICHELLE DEON LEE I relinquish any duties, responsibilities, and authority associated with that suretyship effective as of 3/23/26.

1:

1. Expressed Beneficiary and Administrator  is the expressed beneficiary and administrator related to public trust funds connected to the properties and matters listed in the caption and prior filings.

Nature of Action

2.    This is an action for (a) breach of fiduciary duty and conversion/misappropriation of public funds by public trustees and county officers; (b) violation of the Colorado Open Records Act ("CORA"), C.R.S. § 24-72-200.1 et seq.; (c) declaratory judgment and accounting; (d) equitable relief requiring a forensic accounting and restitution; (e) claims against attorneys for fraudulent filings and unlicensed practice (pleaded with particularity under Fed. R. Civ. P. 9(b)); (f) claims against HOAs and South Adams Water for unlawful liens/foreclosure actions; and (g) employment-related claims against FMLI for misclassification, wage/benefit violations, and FMLA-related claims

Trustee, to investigate and account for public funds entrusted to Respondent, breaches of statutory duties, violations of the oath required by the Oath Act of 1866, and breaches of the bond executed in connection with Respondent's public office. Expressed Beneficiary and Administrator  seeks declaratory and injunctive relief, recovery of public funds, and other appropriate remedies.

Count I — Breach of Fiduciary Duty

Count II — Misappropriation/Conversion of Public Funds records not found on CORA open record. I requested it several times . emails upon request by the court.

Count III — Violation of Statute/Oath and Bond copies never supplied after requesting copies.

Count IV — Declaration and Injunctive Relief

17. An actual controversy exists regarding  duties and the disposition of public funds. I as the expressed beneficiary and the administrator seeks a declaratory judgment defining implied  custodian's obligations and an injunction requiring implied  custodian to (a) produce a full forensic accounting; (b) restore and  reimburse all unaccounted-for public funds; and (c) take corrective measures to prevent further loss.

- *Michael Westberg — Public Trustee, Arapahoe County; Individual & official .*
- * Tom H. Connolly — U.S. Trustee; Trustee (Tom Connolly, LLC); Individual & official (Citizen of Colorado). Addr: PO Box 68, Lafayette, CO 80026-0068; Phone: 303-661-9292*
- *Public Trustee: Paul D. López, Denver CountyCapacity: Individual*
- *Garvin Gregory — Office of the U.S. Trustee; Individual & official. Addr: 1961 Stout St., Ste 12-200, Denver, CO 80294-1961.*
- * Alexander L. Villigaran — Individual capacity
  Public Trustee; citizen of Colorado*

15

County

1. implied  custodian Adams County is a political subdivision of the State of Colorado .
2. implied  custodian Arapahoe County is a political subdivision of the State of Colorado .
3. implied  custodian Denver County is a political subdivision of the State of Colorado.

implied  custodians failed to produce the requested records: The withheld and  unproduced records are public records under CORA and pertain to the public's right to know about the expenditure, reconciliation, and accounting of public funds, including public interest use of tax revenue, reconciliation of specific trust  funds for beneficiary.
First Claim for Relief — Violation of CORA (C.R.S. § 24-72-200.1 et seq.)
Second Claim for Relief — Declaratory Judgment
Third Claim for Relief — Accounting and Reconciliation (Equitable Relief)
Judges

- **Judge Priscilla J. Loew — Individual & official**
- **Kimberly H. Tyson — Bankruptcy Judge; Individual & official (Citizen of Colorado). Addr: 721 19th St., Denver, CO 80202.**

judicial ruling(s) and orders entered ,(a) the court lacked Article III subject-matter jurisdiction;
(b) rulings were made in the absence of a justiciable case or controversy;
(c) orders affecting a minor were entered without appointment of a guardian appropriate representative;
(d) the acts constitute violations of the judicial oath to uphold the                In direct conflict with GODS Laws

Attorneys

1. Alison L. Berry — Individual & official capacity — Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
2. April Winecki — Individual & official capacity — Janeway Law Firm, P.C.; 9540 Maroon Circle, Suite 320, Englewood, CO 80112
3. Abbey Dreher — Individual & official capacity — Bonial & Associates, PC; 14841 Dallas Parkway, Suite 300, Dallas, TX 75254
(Associated with foreclosure matters / Nationstar/Mr. Cooper)
4. Heather L. Deere — Individual & official capacity — Halliday, Watkins & Mann, P.C.; 355 Union Blvd., Suite 250, Lakewood, CO 80228

(Associated with Public Trustee Michael Westberg; Wilmington Savings Fund Society, FSB)

5. Amanda K. Ashley — Individual & official capacity — Altitude Law; 555 Zang St., Ste. 100, Lakewood, CO 80228; 
(Contact for The Gallery at Reunion HOA; Second Creek HOA / Second Creek Farm Metro Dist. No. 2)

6. Bradley Arant Boult Cummings (firm) — Entity defendant — 1445 Ross Avenue, Suite 3600, Dallas, TX 75202 
Gabriella Alonso — individual (represents Ally Bank) — affiliated with Bradley Arant Boult Cummings (listed as individual/firm)

7. Robert Gregory Busch — Individual & official capacity — RG Busch, PLLC (Purchaser's Counsel) — P.O. Box 3931, Greenwood Village, CO 80155 (address from item 21)

8. Amanda K. Ashley (Altitude Law;                    )

9. Bradley Arant Boult Cummings (firm) — Entity defendant — 1445 Ross Avenue, Suite 3600, Dallas, TX 75202

10. Gabriella Alonso

brings this action against implied  custodian all attorneys and un licensed attorneys listed in this complaint.  for willfully submitting fraudulent documents to the court to obtain an improper benefit, for engaging in the unlicensed practice of law, and for related relief implied  custodian knowingly prepared/submitted the following documents to  courts. Document upon request by the courts

7. Those documents contained false statements specifically: misrepresentations, omissions, ].

8. implied  custodian knew, and recklessly disregarded, the falsity of those statements and reports  and made them with intent to influence the court's actions and secure an improper advantage for self and another party.

9. As a direct result of those filings, [describe harm: adverse orders, improper transfer of property/rights, legal fees, delay, prejudice.

10. Expressed Beneficiary and Administrator  demanded correction/retraction on all judicial orders in this case attorneys failed/refused to correct the record.

11. Attorneys describe unlicensed activity: practicing law without a license, holding out as attorney, signing pleadings as counsel, giving legal advice, appearing in court despite not being authorized/licensed .

- **Kalamata: Ariel Bouskila — Individual (Citizen of New York). (Also listed under Berkovitch & Bouskila.)**
- **Contact: Robert Gregory Busch — RG Busch, PLLC — P.O. Box 3931, Greenwood Village, CO 80155**

**South Adams water company**

1. **Universal Declaration of Human Rights (UDHR)**
a. **Art. 12 — Right to privacy (no arbitrary interference)**
b. **Art. 17 — Right to own property; not to be arbitrarily deprived of property**
c. **Art. 18 — Freedom of thought, conscience, and religion**
d. **Art. 7 — Equality before the law and equal protection**

**Unlawful Administration of Water / Violations statutory rules in direct violation of God's law  of  and Human Rights Protections by South Adams water company. has administered and regulated public water service in a manner that violates Human Rights requirements and infringes on the human rights and civil liberties of residents in Adams County. I request prompt investigation, remedial action, and appropriate relief and removal of any lien on my property. Bills submitted to the courts.**
**Legal Theory and Burden**
**South Adams Water and Sanitation bears the burden to show lawful authority for its actions and strict compliance with both CCIOA and the recorded governing documents. Where the HOA cannot demonstrate compliance, its actions are void, and the deprivation of Expressed Beneficiary and Administrator 's property and constitutional rights warrants immediate judicial relief.**
**HOA**
**Statement of Claim — Violations of Statutory and Fundamental Human  Rights HOA in direct violation of GODS laws**

2. **Universal Declaration of Human Rights (UDHR)**
a. **Art. 12 — Right to privacy (no arbitrary interference)**
b. **Art. 17 — Right to own property; not to be arbitrarily deprived of property**
c. **Art. 18 — Freedom of thought, conscience, and religion**
d. **Art. 7 — Equality before the law and equal protection**
3. Expressed Beneficiary and Administrator  is an owner subject to the recorded CC&Rs, bylaws, and rules of  The Gallery at Reunion and Second creek and Green valley Ranch Master association , Arapahoe county HOA.and to Colorado law governing common-interest communities (CCIOA, Title 38, Art. 33.3, C.R.S.). The HOA's actions collection of debt and foreclosure and to place a lien on my property are unconstitutional. described  contravene CCIOA and the HOA's own governing documents and, in doing so, unlawfully deprive the Expressed Beneficiary and Administrator  of fundamental rights protected by the United States Constitution and state law.

Legal Theory and Burden
11. The HOA bears the burden to show lawful authority for its actions and strict compliance with both CCIOA and the recorded governing documents. Where the HOA cannot demonstrate compliance, its actions are void, and the deprivation of Expressed Beneficiary and Administrator 's property and constitutional rights warrants immediate judicial relief.
Fmli

1!

1. Expressed Beneficiary and Administrator  brings this action against FMLI for: (a) interference and retaliation under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq.; (b) unlawful misclassification and related wage/benefit violations under Colorado law; (c) unlawful withholding/recoupment of wages and benefits; and (d) discrimination under the Colorado Anti-Discrimination Act (CADA), Colo. Rev. Stat. § 24-34-401 et seq. (as applicable). Expressed Beneficiary and Administrator  seeks damages, declaratory and injunctive relief, costs, and attorney's fees.

COUNT III — MISCLASSIFICATION / WAGE & BENEFIT VIOLATIONS (Colorado law) Expressed Beneficiary and Administrator  realleges paragraphs 1–9. implied custodian misclassified Expressed Beneficiary and Administrator  treating a W-2 employee as self-employed and failed to provide or withheld employee benefits to which Expressed Beneficiary and Administrator  was entitled under implied  custodian's policies and applicable law. implied  custodian's misclassification and withholding caused financial and benefit losses; Expressed Beneficiary and Administrator  seeks recovery of unpaid wages/benefits, interest, and statutory penalties where authorized.

COUNT IV — UNLAWFUL overpayment  RECOUPMENT
 Expressed Beneficiary and Administrator  realleges paragraphs .
implied  custodian improperly withheld wages/benefits and attempted to recoup alleged overpayments without lawful basis or required notice/consent in violation of Colorado wage laws and contract principles.
. Expressed Beneficiary and Administrator  seeks restitution, damages, interest, and costs.
COUNT V — COLORADO ANTI-DISCRIMINATION ACT (CADA) (if applicable)
 Expressed Beneficiary and Administrator  is a member of a protected class African American  implied  custodian treated Expressed Beneficiary and Administrator  less favorably because of Expressed Beneficiary and Administrator 's protected characteristic(s)
implied  custodian's conduct violated CADA, causing lost wages, benefits, emotional distress, and other damages; Expressed Beneficiary and Administrator  seeks all remedies available under CADA, including damages, injunctive relief, and attorney's fees.

1. All documents and records relevant to the matters in this action are in my possession, custody, or control, or are reasonably available to me.
2. I will promptly produce any requested documents to the Court upon judicial request or order.
3. To support claims and factual assertions in this case, I am relying on the official court dockets and the Record of Action (ROA) maintained by the respective courts as evidentiary sources. I certify that I will identify each docket entry and ROA item relied upon and provide copies or certified copies upon request or as ordered by the Court.

4. If any document is not in my possession but is known to exist and is reasonably obtainable from another party, agency, or custodian, I will provide the Court with identifying information and take reasonable steps to obtain and produce the document when ordered

**REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "*

## PRAYER FOR RELIEF

respectfully moves this Court for leave to tender a special deposit

Declare the rights and legal relations of the parties under 28 U.S.C. § 2201

Wherefore, Expressed Beneficiary and Administrator respectfully requests that the Court declare the parties' rights, order a full accounting, compel production of all requested records, restore and reimburse any unaccounted-for funds, cancel any unlawful liens or charges, award damages, fees, and costs where allowed, and grant all other equitable relief the Court deems just and proper.

The Court entered rulings affecting a minor without appointment of a guardian ad litem or other appropriate representative to protect the minor's interests. As a result, the minor was not adequately protected, and the resulting orders are procedurally improper and should be reviewed, vacated, or set aside to the extent they affect the minor.

### E.    EXPRESSED BENEFICIARY AND ADMINISTRATOR'S SIGNATURE

I declare under penalty of perjury that I am the Expressed Beneficiary and Administrator in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____    4-1-26

(Expressed Beneficiary and Administrator's signature)

4-1-00

(Date)                                                      (Revised December 2017)

1: