**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-00408-LTB-RTG

MICHELLE D. LEE,

     Plaintiff,

v.

ADAMS COUNTY,
DENVER COUNTY,
ARAPAHOE COUNTY,
JUDGE PRISCILLA J. LOEW,
KIMBERLY H. TYSON,
ALISON L. BERRY,
APRIL WINECKI,
ABBEY DREHER,
HEALTH L. DEERE,
AMANDA K. ASHLEY,
BRADLEY ARANT BOULT CUMMINGS,
ROBERT GREGORY BUSCH,
TOM. H. CONNOLLY,
MICHAEL WESTBERG,
PAUL D. LOPEZ,
GARVIN GREGORY,
ALEXANDER L. VILLIGARAN,
THE GALLERY AT REUNION HOS,
SECOND CREEK HOA / SECOND CREEK FARM METROPOLITAN DISTRICT NO. 2,
MASTER HOMEOWNER ASSOCIATION (HOA),
KALAMATA CAPITAL REPRESENTATIVES,
DIVISION OF FAMILY AND MEDICAL LEAVE INSURANCE, DENVER COUNTY, and
SOUTH ADAMS WATER AND SANITATION,

     Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the Amended Complaint (ECF No. 12)

1

filed *pro se* by Plaintiff Michelle D. Lee. The matter has been referred to this Magistrate

Judge for recommendation (ECF No. 14).

The Court must construe the Complaint liberally because Ms. Lee is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire

case file, the applicable law, and is sufficiently advised in the premises. It is respectfully

recommended that the action be dismissed.

## I. DISCUSSION

### A. Background

Plaintiff initiated this action on February 2, 2026, by filing a Complaint (ECF No.

1). In response to the Court's order to cure (ECF No. 3), she submitted an Application to

Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 4),

which was granted (ECF No. 6). Thereafter, the Court screened Plaintiff's Complaint

pursuant to § 1915(e)(2)(B) and D.C.COLO.LCivR 8.1(a) and issued an Order to File

Amended Complaint (ECF No. 7). Plaintiff filed the Amended Complaint on April 1, 2026

(ECF No. 12).

Plaintiff brings this lawsuit against more than twenty defendants, including

multiple counties, public trustees, judges, attorneys, HOAs, law firms, a bank, water and

sanitation, and state officials, asserting federal and state claims tied to defective

foreclosure and eviction processes. (*See* ECF No. 12 at 1-8). She references the

following state court cases: Arapahoe County Case No. 2026CV30053, Adams County

Case Nos. 2024CV31770 and 2025CV159, Denver County Case No. 2024CF31593,

Douglas County Case No. 2026CV30011, and Boulder County Case No.

2025CV30880. (*Id.*). Plaintiff invokes this Court's federal question jurisdiction based on

the Declaratory Judgment Act and 42 U.S.C. § 1983 for violations of her due process

and equal protection rights under the Fifth and Fourteenth Amendments as well as

supplemental jurisdiction over her state law claims. (*Id.* at 6-8). According to Plaintiff,

this is an "action for (a) breach of fiduciary duty and conversion/misappropriation of

public funds by public trustees and county officers; (b) violation of the Colorado Open

Records Act ("CORA"), C.R.S. § 24-72-200.1 et seq.; (c) declaratory judgment and

accounting; (d) equitable relief requiring a forensic accounting and restitution; (e) claims

against attorneys for fraudulent filings and unlicensed practice . . . (f) claims against

HOAs and South Adams Water for unlawful liens/foreclosure actions; and (g)

employment-related claims against FMLI for misclassification, wage/benefit violations,

and FMLA-related claims." (*Id.* at 15). She seeks declaratory relief regarding duties,

oaths, bonds, accounting, and disposition of public funds by trustees and counties;

injunctive relief halting sales or evictions, forensic accounting, restitution of public funds,

record production, and lien cancellation; as well as damages and fees. (*Id.* at 14, 20).

## B. Analysis

### 1. *Subject Matter Jurisdiction*

If the state court foreclosure proceedings have concluded, Ms. Lee's claims

trigger the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that

federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280. "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield*, 389 F.3d at 1148. The *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

4

In essence, Ms. Lee may not seek what in substance would be appellate review of state court determinations that resulted in the termination of her property rights. *See Horton v. Clark*, 1991 WL 240115, at *1 (10th Cir. 1991) (citing the *Rooker-Feldman* doctrine and explaining that even if adverse state foreclosure proceedings were "unconstitutional, the [federal] district court could not by way of injunction effectively become an appellate court and review the state court judgment, usurping a role reserved exclusively for the Supreme Court"). As such, the Amended Complaint is subject to being dismissed without prejudice for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647-48 (10th Cir. 2004) ("Where the *Rooker-Feldman* doctrine applies, a federal court lacks jurisdiction to reach the merits and, thus, has no power but to dismiss the case without prejudice to refiling in state court, where the only issue decided by the federal court – its own jurisdiction – has no preclusive effect."); *see also* Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To the extent Ms. Lee may be seeking injunctive relief to enjoin ongoing state-court foreclosure, eviction, or lien enforcement proceedings, her claims suffer from at least two problems. First, the Court lacks authority to enjoin a state-court foreclosure action. The Anti-Injunction Act provides that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Caselaw confirms that an injunction to stop a state-court foreclosure

action is barred by the Anti-Injunction Act. *See Horton*, 1991 WL 240115, at *1 (stating

that the Anti-Injunction Act "applies to state foreclosure proceedings"); *see also Phillips*

*v. Chas. Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (concluding that the Anti-

Injunction Act bars federal courts from enjoining state-court foreclosure actions); *Van*

*Romburgh v. Nationstar Mortg. LLC*, No. 19-cv-01962-DDD-NRN, 2019 WL 4643654, at

*2 (D. Colo. July 26, 2019) ("The [Anti-Injunction] Act prohibits this Court from enjoining

the pending state court foreclosure proceedings."). Ms. Lee does not identify any

exceptions to the Anti-Injunction Act that might permit the Court to grant an injunction,

and so the Anti-Injunction Act bars the injunctive relief she requests.

Second, even if the Anti-Injunction Act did not apply, the *Younger* abstention

doctrine does. Under the *Younger* abstention doctrine, federal courts are prohibited

from interfering with ongoing state proceedings absent extraordinary circumstances.

*See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th

Cir. 1997). Abstention is appropriate under *Younger* if three conditions are met: "(1) the

state proceedings are ongoing; (2) the state proceedings implicate important state

interests; and (3) the state proceedings afford an adequate opportunity to present the

federal constitutional challenges." *Phelps*, 122 F.3d at 889. *Younger* abstention is non-

discretionary and must be invoked if the three conditions are met, absent extraordinary

circumstances. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th

Cir. 1999).

Here, if the state foreclosure and eviction proceedings have not concluded, the

first condition for *Younger* abstention is met.

6

The second condition also is met because the Supreme Court has held it to be "beyond question" that ensuring the security of titles to real estate is "an essential state interest." *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 544 (1994) (rejecting interpretation of bankruptcy code provision that would place the "title of every piece of realty purchased at foreclosure . . . under a federally created cloud"); *see also Horton*, 1991 WL 240115, at *1 (stating that a foreclosure proceeding "is precisely the type of case where federal courts out of concerns of comity and the nature of our federal system properly refuse to exercise jurisdiction and intermeddle in the state court proceedings").

Under the third condition, Ms. Lee makes no showing of extraordinary circumstances or that she does not have an opportunity to raise her claims during the state proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Winn v. Cook*, 945 F.3d 1253, 1259 (10th Cir. 2019) (stating that the Tenth Circuit has "consistently refused to find an exception to *Younger* when the injury could ultimately be corrected through the pending state proceeding or on appeal"). Instead, as the Tenth Circuit recognized in *Horton*, Ms. Lee "may still resort to the state review process to vindicate his claims." *Horton*, 1991 WL 240115, at *1. Therefore, *Younger* serves as an additional bar.

2. *Rule 8*

The Amended Complaint also does not provide a clear statement of the specific claims Plaintiff is asserting and the specific facts that support her claims demonstrating she is entitled to relief. Plaintiff names over twenty defendants across disparate roles without clearly segregating factual allegations by defendant, transaction, date, or property. Further, her claims combine unrelated subject matters, including foreclosure disputes, public fund accounting, HOA and utility liens, and employment claims. Finally, the Amended Complaint contains nonlegal theories and immaterial assertions regarding "cestui que trust," God's law, and sovereign capacity that further obscure Plaintiff's claims.

As Plaintiff was advised in the order to amend, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant' s action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a

8

complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Further, the general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Because Ms. Lee fails to provide a short and plain statement of any claim showing she is entitled to relief, the Amended Complaint and this action also is subject to dismissal for failure to comply with the pleading requirements of Rule 8.

9

## II. RECOMMENDATION

For the reasons set forth herein, it is respectfully

RECOMMENDED that the Amended Complaint (ECF No. 12) and the action be

dismissed without prejudice for lack of subject matter jurisdiction and failure to comply

with Rule 8.[1]

DATED May 13, 2026.

BY THE COURT:

_____

Richard T. Gurley
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).