UNITED STATES DISTRICT COURT
[Name of District Court]
Michelle D. Lee

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 MAY 20  PM 1:49

v.

Adams Et al

Case No. 26-Cv-00408   L TB-RTG

## OBJECTION AND MOTION TO DECLINE MAGISTRATE JUDGE JURISDICTION AND TRANSFER CASE TO AN ARTICLE III COURT OF EQUITY

Michelle Lee , pro se, respectfully submits this Objection and Motion pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Article III of the United States Constitution. Plaintiff requests that this Court reject the Magistrate Judge's Recommendation (Document No. 15, filed May 13, 2026) insofar as it treats the Magistrate Judge as having authority over dispositive motions, final orders, or final judgment; and that the case be transferred, and retained, in an Article III court of equity (i.e., by the United States District Judge) for all such matters.

## BACKGROUND

1. Plaintiff filed an Amended Complaint (ECF No. 12) alleging constitutional violations (due process, equal protection) by the trustee and state actors. Plaintiff seeks equitable relief, injunctive and declaratory remedies, not simply reversal of a state-court judgment.
2. On May 13, 2026, Magistrate Judge issued a Recommendation to dismiss plaintiff's action without prejudice, addressing both subject-matter jurisdiction (including Rooker–Feldman, Anti-Injunction Act, Younger abstention) and plaintiff's Rule 8 pleading deficiencies.
3. Plaintiff has not consented to final decision-making by a Magistrate Judge and requested from the outset that this case be heard by an Article III judge in a court of equity.

## ARGUMENT

### A. Legal Standards: Consent Required for Magistrate Judge Final Decisions

Under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, a Magistrate Judge may preside over the entire civil case—including entry of final judgment—only if all parties consent. Plaintiff has not consented. Dispositive and final decision-making authority rests with the United States District Judge unless § 636(c) and Rule 73 conditions are met.

## B. Article III Constitutional Requirement

Article III vests judicial power in "judges" of the Supreme Court and inferior courts created by Congress, who enjoy life tenure and salary protections. Judicial power includes final adjudication and equitable relief.

Plaintiff's rights under the Due Process and Equal Protection Clauses require that final decisions be made by an Article III judge, not a magistrate without consent.

## C. Equitable Jurisdiction and Relief Sought of Constitutional Dimension

Plaintiff seeks equitable relief (injunctive or declaratory) for constitutional violations (denial of notice, hearing; denial of equal treatment), not merely legal damages. Equitable jurisdiction is properly exercised by an Article III court.

The Amended Complaint is premised on constitutional claims that are independent of any state-court judgment reversal. Plaintiff is not asking for direct appellate review of state decisions, but redress for violations committed during proceedings.

## REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Reject the Magistrate Judge's Recommendation (Document No. 15) to the extent it assigns final decision-making authority to the Magistrate Judge.
2. Transfer, or retain this case, and all dispositive motions, final orders, and judgment, to be handled by an Article III United States District Judge in a court of equity.
3. Ensure that any future rulings on constitutional claims for due process and equal protection are adjudicated by an Article III judge.
4. Provide plaintiff leave to amend or clarify allegations, if necessary, under the oversight of the District Judge.

## CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to grant this Objection and Motion, to maintain jurisdiction of dispositive matters and final judgment in an Article III court of equity, and to reject Magistrate Judge's Recommendation as improperly delegating final authority without plaintiff's consent.

Respectfully submitted,

_[signature]_  5-19-26